UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL SARMIENTO,

    Petitioner,

v.

RICK HILL,

    Respondent.

No. 2:13-CV-01338-LKK-AC-P

FINDINGS AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). Pending before the court is respondent's motion to dismiss the petition on the ground that petitioner's only claim for relief is not cognizable on habeas (ECF No. 10). Petitioner opposed the motion (ECF No. 13), and respondent has filed a reply (ECF No. 15). For the reasons outlined below, the undersigned recommends denying the motion to dismiss.

I.    <u>Factual and Procedural Background</u>

Petitioner was convicted in 1988 of Second Degree Murder following his guilty plea. ECF No. 10-1 at 2. He was sentenced to 16 years to life in prison. <u>Id.</u> His minimum eligible parole date ("MEPD") was originally calculated to be September 29, 1997. ECF No. 10-1 at 6. As a result, his first parole consideration hearing occurred in 1996, a year before his MEPD. <u>See</u>

1

1  ECF No. 10-1 at 5.[1]

2  On September 20, 2011, petitioner received a Rules Violation Report ("RVR") for possessing a cell phone and charger in a prison facility. ECF No. 13 at 16-19. At a disciplinary hearing on October 10, 2011 petitioner was found guilty of the RVR and assessed a 30 day loss of credit.[2] Id.

Petitioner filed the present federal habeas corpus petition challenging the 2011 prison disciplinary proceeding on June 18, 2013.[3] ECF No. 1. In this petition, he alleges that the RVR is not supported by evidence of his constructive possession of the cell phone and charger because he had no knowledge or control of the contraband. Id. at 4. By way of relief, petitioner seeks the reversal of his guilty finding, the expungement of all references to this disciplinary conviction, and an order that he be single celled "until such time as respondent does not hold him responsible for the actions of the convicts that are placed into his cell." ECF No. 1 at 4.

II.  Respondent's Motion to Dismiss

In his motion to dismiss, respondent contends that habeas jurisdiction only lies for challenges that result in "release from prison or a shorter incarceration" and that petitioner's challenge to restore his lost custody credits will not necessarily shorten his prison term. ECF No. 10 at 3-4 (citing Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011)). Since petitioner is serving an indeterminate sentence of sixteen years to life, his loss of custody credits only affects the calculation of his minimum eligible parole date, which had already passed by the time the RVR

////

////

---

[1] Sometime thereafter, for reasons that are not clear from the present record, petitioner's MEPD was recalculated to be February 6, 1998. See ECF No. 10-1 at 5. Regardless of which MEPD is used, it is clear that petitioner's present disciplinary challenge occurred long after his minimum eligible parole date so this does not affect this court's analysis.

[2] Petitioner was found guilty of this offense based on his constructive possession of the cell phone and charger even though his cell mate, Inmate Diaz, testified at the disciplinary hearing that the phone belonged to him. See ECF No. 13 at 17, 30-31.

[3] Petitioner was given the benefit of the prison mailbox rule in determining the filing date of his federal habeas petition. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1  was issued. Id. at 4.[4]  Therefore, the 2011 prison disciplinary finding does not affect the
2  calculation of petitioner's sentence. Id.

III. Petitioner's Opposition

In his opposition, petitioner argues that the 2012 Board of Parole Hearing's consideration of this 2011 RVR "is such that it must be presumed to have prolonged petitioner's sentence." ECF No. 13 at 14.  Petitioner provides the 2012 parole hearing transcript in support of his argument that the RVR has affected the fact or duration of his confinement.  Not only did the Board rely upon the 2011 RVR in its decision denying petitioner parole for a period of three years, but the Presiding Commissioner specifically stated that if petitioner "prevail[s] in your writ [of habeas corpus challenging this RVR] that could be a basis for you to request that your next hearing be conducted a date earlier than the denial period we issued today…."  ECF No. 13 at 35, 37-39, 42-44.

IV. Respondent's Reply

Even with this evidence from the most recent parole board hearing, respondent still argues that "the Board did not deny petitioner parole based on the prison disciplinary alone; it based its decision on the severity of petitioner's commitment offense, his disciplinary history, and the findings in a psychological evaluation." ECF No. 14 at 2.  Therefore, respondent maintains that "it is entirely speculative that expungement of the challenged prison disciplinary from Sarmiento's prison file would result in a future grant of parole…." Id. at 3.

V. Legal Standards

The establishment of jurisdiction is a necessary prerequisite to proceeding with this action. See Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009).  Petitioner does not challenge the validity of his convictions or sentences, the length of his confinement to date, or the denial of parole.  Rather, petitioner challenges the guilty finding that occurred at a 2011 disciplinary

---

[4] See Cal. Code Regs., tit. 15, § 2400 (stating that the "amount of good conduct credit that a prisoner sentenced for first or second degree murder may earn to reduce the minimum eligible parole date is established by statute…  The department will determine the minimum eligible parole date.  The length of time a prisoner must serve prior to actual release on parole is determined by the board.").

3

hearing.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . 42 U.S.C. § 1983.  While the two remedies are not necessarily mutually exclusive, Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004), challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."  Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  Federal habeas corpus jurisdiction is also available to a prisoner seeking "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982) (emphasis added)); see also Docken v. Chase, 393 F.3d 1024, 1028–29 (9th Cir. 2004).  Therefore, the court must first determine whether the disciplinary proceeding at issue in the present case has any effect on the fact or duration of petitioner's confinement.

The Ninth Circuit has permitted habeas to be used to assert claims that are "likely to accelerate" eligibility for parole, even though success in such cases would not necessarily implicate the fact or duration of confinement.  Docken, 393 F.3d at 1028 (citing Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989).  The actual holding in Docken is narrow and establishes that "when prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute."  Docken, 393 F.3d at 1031 (emphasis added).

In Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004)), the Court held that habeas jurisdiction is absent and a 42 U.S.C. § 1983 action proper "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  In Ramirez, a California state prisoner brought a civil rights action under 42 U.S.C. § 1983, seeking damages, declaratory relief and injunctive relief.  Id. at 853.  The prisoner's complaint alleged that the procedures of his prison disciplinary hearing and the term of his administrative segregation violated his constitutional rights.  Id. at 852.  The District Court dismissed both claims.  Id.  The Ninth Circuit reversed, holding that an inmate can "challenge the

4

1 conditions of his confinement under § 1983 [where] his claim, if successful, would not
2 necessarily invalidate a disciplinary action that affects the fact or length of his confinement." Id.
3 The Ninth Circuit found that Ramirez's request for expungement of disciplinary records will not
4 necessarily shorten the length of his confinement because the parole board will still have
5 authority to deny parole based on several other grounds. Id. (citing Neal v. Shimoda, 131 F.3d
6 818 (9th Cir. 1997).

7 V.     Analysis

8     Upon review of the pleadings as well as the transcript of the 2012 parole board hearing,
9 the undersigned concludes that the expungement of petitioner's 2011 RVR is "likely to accelerate
10 the prisoner's eligibility for parole" and therefore could affect the duration of his confinement.
11 Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). The Board of Parole Hearings concluded
12 that petitioner posed a present risk of danger first and foremost on the basis of serious
13 institutional misconduct. ECF No. 13 at 35. The commitment offense, a drive-by shooting, was
14 given lesser weight due to the passage of time and the fact petitioner had adequately accepted
15 responsibility for his role in the crime. Id. at 35-37. Petitioner's institutional misconduct was
16 "the issue of primary concern to the Panel," id., and the RVR of primary concern was the cell-
17 phone charge at issue here. The presiding commissioner addressed the seriousness of inmate cell-
18 phone use at some length, to explain its nexus to dangerousness and parole suitability. Id. at 38-
19 39. Petitioner's institutional adjustment was otherwise considered positive. Id. at 39, 40. The
20 hearing concluded with the comment that "because today the significant part of our decision does
21 involve that cell phone, […] if you prevail in your writ that could be a basis for you to request
22 that your next hearing be conducted a date earlier than the denial period we issued today. . ." Id.
23 at 43-44.

24     Even though petitioner's minimum eligible parole date has long since passed, the record
25 demonstrates that the disciplinary conviction had a concrete impact on petitioner's subsequent
26 parole suitability determination. See Avina v. Adams, 2012 WL 1130610 (E.D. Cal. 2012)
27 (finding that habeas jurisdiction exists for prison disciplinary challenge even though it did not
28 affect prisoner's minimum eligible parole date). On the facts of this case, the nexus between the

1  disciplinary finding and petitioner's suitability for and release to parole is not speculative.
2  Habeas jurisdiction accordingly is appropriate. For this reason the undersigned recommends
3  denying the motion to dismiss.
4  　　　Accordingly, IT IS RECOMMENDED that respondent's motion to dismiss petitioner's
5  federal habeas corpus petition (ECF No. 10) be denied and that respondent be ordered to file an
6  answer within 60 days from the date of the district judge's review and adoption of the instant
7  findings and recommendation.
8  　　　These findings and recommendations are submitted to the United States District Judge
9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
10 after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties. Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections,
13 he shall also address whether a certificate of appealability should issue and, if so, why and as to
14 which issues. Where, as here, the petition was dismissed on procedural grounds, a certificate of
15 appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it
16 debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of
17 reason would find it debatable whether the petition states a valid claim of the denial of a
18 constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.
19 McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed
20 within fourteen days after service of the objections. The parties are advised that failure to file
21 objections within the specified time may waive the right to appeal the District Court's order.
22 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
23 DATED: April 1, 2014
24 　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　ALLISON CLAIRE
25 　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
26
27
28