UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SARMIENTO,<br><br>Petitioner,<br><br>v.<br><br>RICK HILL,<br><br>Respondent. | No. 2:13-cv-1338 MCE AC<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, because of the Ninth Circuit's recent opinion in Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), petitioner will be required to show cause why his petition should not be dismissed for lack of jurisdiction.

I.   Factual Background

Petitioner was convicted of second degree murder in 1988, following a guilty plea. ECF No. 10-1 at 2. He was sentenced to 16 years to life in prison. Id. His minimum eligible parole date ("MEPD") was originally calculated to be September 29, 1997. Id. at 6. As a result, his first parole consideration hearing occurred in 1996, a year before his MEPD. Id. at 5.[1]

---

[1] Sometime thereafter, for reasons that are not clear from the record, petitioner's MEPD was recalculated to be February 6, 1998. ECF No. 10-1 at 5. Regardless of which MEPD is used, it is clear that petitioner's present disciplinary challenge occurred long after his MEPD so this does not affect this court's analysis.

Petitioner received a Rules Violation Report ("RVR") for possessing a cell phone and charger in a prison facility. ECF No. 13 at 16-19. At a disciplinary hearing on October 10, 2011 petitioner was found guilty of the RVR and assessed a 30 day loss of credit. Id. Petitioner filed the instant habeas corpus petition challenging the 2011 prison disciplinary proceeding. ECF No. 1. He alleged the RVR was not supported by evidence of his constructive possession of the cell phone and charger because he had no knowledge or control of the contraband. Id. at 4. By way of relief, petitioner requested a reversal of his guilty finding, expungement of all references to the 2011 disciplinary conviction, and an order that he be single celled "until such time as respondent does not hold him responsible for the actions of the convicts that are placed into his cell." Id.

II.     Procedural History

In response to the petition, respondent filed a motion to dismiss arguing the court lacked habeas jurisdiction because success on the merits would not necessarily affect the fact or duration of petitioner's confinement. ECF No. 10. The court issued findings and recommendations that the motion to dismiss be denied, which were adopted in full. ECF Nos. 16 and 18. In denying the motion to dismiss, the court relied on Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), the controlling law at the time, because expungement of petitioner's 2011 RVR was "'likely to accelerate the prisoner's eligibility for parole' and therefore could affect the duration of his confinement." ECF No. 16 at 5.

III.    Legal Standards for Habeas Jurisdiction

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), the Ninth Circuit recently addressed the issue of whether a habeas corpus action is the appropriate vehicle to challenge a disciplinary conviction when it will not necessarily impact the fact or duration of an inmate's confinement. The Ninth Circuit held that if success on the merits of a petitioner's challenged disciplinary proceeding would not *necessarily* impact the fact or duration of his confinement, his claim would not fall within "the core of habeas corpus,"

2

and that, unless a state prisoner's claim lies at the core of habeas corpus, it may not be brought in habeas corpus. Id. at 934-35.

The court in Nettles reasoned that "[s]uccess on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. This is "[b]ecause the parole board has the authority to deny parole on the basis of any grounds presently available to it, [so] the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Id. at 935 (internal quotation marks and citation omitted).

Petitioner, like Nettles, is indeterminately sentenced and has yet to be found suitable for parole. While the Parole Board may be more likely to find petitioner suitable for parole without the 2011 RVR on his record, the board could still deny parole on other grounds, therefore success on the merits will not necessarily impact the length of petitioner's sentence. Based on the foregoing, petitioner will be required to show cause explaining why the court has jurisdiction over this habeas action in light of the decision in Nettles.

IV.     Conversion to Civil Rights Claim

While the information currently before the court makes it appear likely that petitioner will be unable to maintain this case as a petition for habeas corpus, should that in fact be the case, it is possible he could present this claim as a civil rights action under § 1983. "[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." Nettles, 830 F.3d at 930 (some internal quotation marks omitted) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)).

> "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . , 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).

3

1   "[A] district court may construe a petition for habeas corpus to plead a cause of action
2   under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830
3   F.3d at 936. "'If the complaint is amenable to conversion on its face, meaning that it names the
4   correct defendants and seeks the correct relief, the court may recharacterize the petition so long as
5   it warns the pro se litigant of the consequences of the conversion and provides an opportunity for
6   the litigant to withdraw or amend his or her complaint.'" Id. (quoting Glaus v. Anderson, 408
7   F.3d 382, 388 (7th Cir. 2005)).

8   If petitioner is unwilling or unable to persuade the court that Nettles does not bar habeas
9   jurisdiction in this case, he may convert his claim into a civil rights action under § 1983.
10  However, petitioner is informed that a habeas corpus action and a prisoner civil rights suit differ
11  in a variety of respects, such as the proper defendants, type of relief available, filing fees and the
12  means of collecting them, and restrictions on future filings. Nettles, 830 F.3d at 936 (quoting
13  Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). The exhaustion requirements for a §
14  1983 case also differ from those required in a habeas action.[2] These differences "'may make
15  recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a
16  dismissal without prejudice of his petition for habeas corpus.'" Id.

17  If petitioner chooses to convert his claim he will be required to amend his complaint so
18  that it names the proper defendants and seeks the correct relief. Converting the claim into a civil
19  rights action will also obligate petitioner for the full amount of the $350.00 filing fee, even if
20  petitioner proceeds in forma pauperis under 28 U.S.C. § 1915.[3] Petitioner will be responsible for
21  an initial partial filing fee and thereafter payments from petitioner's trust account will be
22  forwarded to the clerk of court any time the amount in the account exceeds $10 until the filing
23  fees are paid. See 28 U.S.C. § 1915(b)(1)(A), (B); § 1915(b)(2).

24  Petitioner also has the option of dismissing his habeas petition without prejudice to
25  refiling his claim as a § 1983 case. However, he is warned that if he dismisses and refiles he will

---

[2] Inmates are required to exhaust available administrative remedies before bringing a civil rights suit under § 1983.
[3] Petitioner's motion to proceed in forma pauperis in this action was granted and included the documentation necessary to grant in forma pauperis status in a civil rights suit. ECF Nos. 2, 4.

be subject to a possible statute of limitations bar as well as the other challenges inherent in bringing his claim as a § 1983 case discussed above. See Wallace v. Kato, 549 U.S. 384, 385 (2007) (The statute of limitations in a § 1983 action is that provided by the state for personal-injury torts).[4]

Once petitioner informs the court of whether he will show cause, consent to recharacterization of his claim, or voluntarily dismiss this action, he will receive further instructions from the court on how to proceed. If petitioner chooses to show cause and is not able to persuade the court that it has habeas jurisdiction, he will be given a second opportunity to convert his claim into a § 1983 case.

Accordingly, IT IS HEREBY ORDERED that within fourteen days of service of this order petitioner shall return the attached form advising the court whether he would like to:

1. Respond, explaining why Nettles does not prevent this court from exercising jurisdiction over his habeas petition,
2. Convert his habeas petition into a § 1983 claim, or
3. Dismiss this action without prejudice to refiling his claim as a § 1983 claim, subject to any statute of limitations issues.

DATED: October 24, 2016

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[4] California law provides a two-year statute of limitations for personal-injury actions, plus an additional two years tolling the statute of limitations based on the disability of imprisonment. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code §§ 335.1, 352.1).

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL SARMIENTO,

   Petitioner,

  v.

RICK HILL,

   Respondent.

No. 2:13-cv-1338 MCE AC P

PETITIONER'S NOTICE ON HOW TO PROCEED

  Check one:

\_\_\_\_\_ Petitioner wants to respond to the courts order and explain why <u>Nettles v. Grounds</u>, 830 F.3d 922 (9th Cir. 2016) (en banc), does require his petition be dismissed.

\_\_\_\_\_ Petitioner wants to convert his habeas petition into a § 1983 claim and file an amended complaint.

\_\_\_\_\_ Petitioner wants to dismiss this action without prejudice to refiling his claim as a § 1983 claim, subject to any statute of limitations issues

DATED:_____  _____
                Samuel Sarmiento
                Petitioner pro se

1