UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SARMIENTO,<br><br>    Petitioner,<br><br>    v.<br><br>RICK HILL<br><br>    Respondent. | No. 2:13-cv-1338 MCE AC<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In response to the court's order (ECF No. 22), petitioner has advised the court that he intends to show cause explaining why Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), does not prevent this court from exercising jurisdiction over his habeas petition. ECF No. 23. The court now instructs petitioner on how to proceed.

Petitioner filed the instant habeas action challenging a 2011 prison disciplinary conviction for which he was assessed thirty days loss of credit. ECF No. 1. By way of relief petitioner seeks reversal of the guilty finding, expungement of all references to the disciplinary conviction, and an order that he be single celled "until such time as respondent does not hold him responsible for the actions of the convicts that are placed into his cell." Id. at 4.

////

1      The Ninth Circuit held in <u>Nettles</u>, that if success on the merits of a petitioner's challenged disciplinary proceeding will not *necessarily* impact the fact or duration of his confinement, his claim is not within "the core of habeas corpus" and therefore may not be brought in habeas. 830 F.3d at 934-35. Actions that lie at the core of habeas corpus are those in which an inmate "is challenging the very fact or duration" of his imprisonment and "the relief sought is a determination that he is entitled to immediate or speedier release from that imprisonment." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). The court found it did not have jurisdiction over Nettles's claim because it did not lie at the core of habeas corpus. <u>Nettles</u>, 830 F.3d at 934-35. It reasoned that because he was indeterminately sentenced, expungement of the challenged disciplinary conviction would not necessarily lead to a shorter sentence because even without the disciplinary conviction the parole board could still deny parole on other grounds available to it. <u>Id.</u>

Success on the merits of a challenged disciplinary conviction will necessarily impact the fact or duration of an inmate's claim if it will result in speedier or immediate release. <u>Id.</u> at 935. Thus, petitioner's claim may only be brought in habeas if expungement of his 2011 disciplinary conviction will necessarily result in a speedier or immediate release. In order to show the court it has jurisdiction over his claim, petitioner must explain how expungement of the challenged disciplinary conviction will necessarily result in his immediate or speedier release. For example, if petitioner has a set parole date or a determinate sentence, restoration of the thirty days credit would result in a shorter sentence. It is insufficient to state that expungement of the disciplinary conviction will lead to speedier release because without that conviction on his record the parole board is more likely to recommend petitioner for parole. In order for the claim to lie at the core of habeas corpus there must be an actual change in the length of petitioner's sentence, not just the possibility – no matter how likely – that success on the merits could impact the length of his sentence.

////

////

////

Accordingly, IT IS HEREBY ORDERED that within thirty days of service of this order, petitioner shall file a document captioned Response To Order to Show Cause, explaining why this court has jurisdiction over his habeas petition. Respondent may file an optional reply to the response to the order to show cause within fourteen days thereafter.

DATED: December 1, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE