UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL SARMIENTO

    Petitioner,

v.

RICK HILL,

    Respondent.

No. 2:13-cv-1338 MCE AC P

ORDER

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I. Procedural History

Petitioner filed the instant habeas action challenging a 2011 prison disciplinary conviction for which he was assessed thirty days loss of credit. ECF No. 1. By way of relief, petitioner seeks reversal of the guilty finding, expungement of all references to the disciplinary conviction, and an order that he be single celled "until such time as respondent does not hold him responsible for the actions of the convicts that are placed into his cell." Id. at 4.

In response to the petition, respondent filed a motion to dismiss arguing the court lacked habeas jurisdiction because success on the merits would not necessarily affect the fact or duration of petitioner's confinement. ECF No. 10. Relying on Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), the court denied the motion and ordered respondent to answer the petition. ECF

Nos. 16, 18. The Ninth Circuit subsequently issued an opinion in Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), which overruled Bostic in relevant part.

In reviewing the briefing on the petition, the court determined that petitioner, like Nettles, is indeterminately sentenced and has yet to be found suitable for parole. While the Parole Board may be more likely to find petitioner suitable for parole without the 2011 RVR on his record, the board could still deny parole on other grounds, therefore success on the merits will not necessarily impact the length of petitioner's sentence. Thus, petitioner's claim may only be brought in habeas if expungement of his 2011 disciplinary conviction will necessarily result in a speedier or immediate release. Based on the foregoing, petitioner was given the option to (1) show cause explaining why the court has jurisdiction over this habeas action in light of the decision in Nettles, (2) convert his petition to a complaint under 42 U.S.C. § 1983, or (3) voluntarily dismiss the petition. ECF No. 22. He opted to show cause why his petition should not be dismissed. ECF No. 23.

Petitioner has now submitted a response to the court's order to show cause why Nettles does not bar this court from exercising jurisdiction over his habeas corpus petition. ECF No. 27. For the following reasons, the court finds that petitioner has failed to show cause and will provide him a final opportunity to convert his petition into a civil rights action under 42 U.S.C. § 1983 before recommending dismissal of the petition.

II.   Order to Show Cause

In the order to show cause, this court directed petitioner to explain how expungement of the challenged disciplinary conviction will result in his immediate or speedier release. ECF No. 24 at 2. Petitioner was informed that restoration of the thirty days credit could be found to result in immediate or speedier release if petitioner has a set parole date or a determinate sentence. Id. He was also told that expungement of the disciplinary conviction could not be found to lead to speedier release if there is only a possibility that success on the merits could impact the length of his sentence. Id. For a claim to lie at the core of habeas, there must be an actual change in the length of petitioner's sentence.

////

III. Legal Standard for Habeas Jurisdiction

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Nettles, the Ninth Circuit recently addressed the issue of whether a habeas corpus action is the appropriate vehicle to challenge a disciplinary conviction when it will not necessarily impact the fact or duration of an inmate's confinement. The Ninth Circuit held that if success on the merits of a petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, his claim would not fall within "the core of habeas corpus," and that, unless a state prisoner's claim lies at the core of habeas corpus, it may not be brought in habeas corpus. Nettles, 830 F.3d at 934-35.

The court in Nettles reasoned that "[s]uccess on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. This is "[b]ecause the parole board has the authority to deny parole on the basis of any grounds presently available to it, [so] the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Id. at 935 (internal quotation marks and citation omitted).

IV. Petitioner's Response Does Not Establish Habeas Jurisdiction

The undersigned concludes that petitioner's response has not shown that this court has jurisdiction over his habeas corpus petition. Rather than addressing the specifics of his case and whether reversal of the disciplinary will speed his release, petitioner instead recites various legal standards governing habeas. He concludes by arguing that this court has jurisdiction over the instant petition because this court determined it had jurisdiction when it denied respondent's motion to dismiss and he should therefore be allowed to proceed on the merits of his claim. ECF No. 27 at 6. As the court previously explained, "[i]n denying the motion to dismiss, the court relied on Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), the controlling law at the time, [to find that it had jurisdiction over his petition] because expungement of petitioner's 2011 RVR

3

was 'likely to accelerate the prisoner's eligibility for parole and therefore could affect the duration of his confinement.'" ECF No. 22 at 2 (citation and some internal quotation marks omitted). However, Bostic has been overruled by Nettles on that point of law and no longer controls. Nettles held that habeas "is available only for state prisoner claims that lie at the core of habeas" where success on the merits could "necessarily spell speedier release" from custody. 830 F.3d at 930.

Under Rule 54(b) of the Federal Rules of Civil Procedure,

> any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Furthermore, this court is bound to the law of the Ninth Circuit. Zuniga v. United Can Co., 812 F.2d 443, 450 (9th Cir. 1987). Because petitioner's action did not end when respondent's motion to dismiss was denied, this court has the authority to revise the previous determination based on Bostic and apply the Ninth Circuit's holding in Nettles.

The court notes that among the numerous legal standards set forth by petitioner is a citation to Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991), for the proposition that "if the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximate to [sic] solitary confinement that is disciplinary segregation—then habeas corpus is the correct remedy." ECF No. 27 at 2. The court assumes that petitioner's citation to Graham means that he is attempting to argue that this court has jurisdiction to adjudicate his claims because he seeks a quantum change in his level of custody.

As set forth above, petitioner has not shown that expunging his rules violation will necessarily result in speedier release, thereby obtaining a quantum change in his level of custody through release from incarceration. However, the courts have concluded that habeas relief may also be available "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody." Preiser, 411 U.S. at 499. For example, as petitioner has pointed out, the

4

Seventh Circuit has held that if a prisoner is seeking a "quantum change in the level of custody" then habeas corpus is the appropriate remedy. Graham, 922 F.2d at 381. The Ninth Circuit has concluded that this includes requests for habeas corpus relief where the prisoner was placed in disciplinary segregation due to validation as a gang member and would obtain immediate release from segregation if he successfully challenged his validation. Nettles v. Grounds ("Santos"), 788 F.3d 992, 1004-05 (9th Cir. 2015) (finding the holding in Bostic, 884 F.2d at 1269, on this issue was not "clearly irreconcilable" with the Supreme Court's case law on speedier release), reheard en banc, Nettles, 830 F.3d 922.[1] Petitioner offers no evidence that expungement of his disciplinary conviction would result in any kind of alternative quantum change in custody such as release from segregation.

To the extent petitioner seeks an order that he be single celled "until such time as respondent does not hold him responsible for the actions of the convicts that are placed into his cell" (ECF No. 1 at 4), he is challenging a condition of confinement, and a civil rights action is the proper method of challenging conditions of confinement, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser 411 U.S. 475 at 498-99).

For the foregoing reasons, petitioner has not sufficiently shown that this court has jurisdiction over his habeas petition.

V. Conversion to a Civil Rights Claim

Petitioner was advised that if he was unable to show cause why his petition should not be dismissed for lack of jurisdiction, he would be given a final opportunity to convert his claim into a § 1983 case before it was dismissed. ECF No. 22 at 5. Since Nettles precludes habeas jurisdiction in this case, petitioner may if he wishes convert his claim into a civil rights action under § 1983.[2] However, petitioner is reminded that a habeas corpus action and a prisoner civil rights suit differ in a variety of respects, such as the proper defendants, type of relief available,

---

[1] The 2015 Ninth Circuit panel decision consolidated the cases of two petitioners: Damous Nettles and Matta Santos, both prisoners in California state prisons. The court's discussion and opinion regarding quantum change was limited to Santos' case. The rehearing en banc only involved the panel's holding regarding Damous Nettles. The panel's opinion regarding Santos' claim about quantum change in custody was not re-heard.

[2] The court takes no position on whether petitioner can state a viable § 1983 claim.

filing fees and the means of collecting them, and restrictions on future filings. Nettles, 830 F.3d at 936 (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). The exhaustion requirements for a § 1983 case also differ from those required in a habeas action.[3] These differences "'may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.'" Id.

If petitioner chooses to convert his claim he will be required to amend his complaint so that it names the proper defendants and seeks the correct relief. Converting the claim into a civil rights action will also obligate petitioner for the full amount of the $350.00 filing fee, even if petitioner proceeds in forma pauperis under 28 U.S.C. § 1915.[4] Petitioner will be responsible for an initial partial filing fee and thereafter payments from petitioner's trust account will be forwarded to the clerk of court any time the amount in the account exceeds $10 until the filing fees are paid. See 28 U.S.C. § 1915(b)(1)(A), (B); § 1915(b)(2).

Petitioner shall notify the court that he wants to recharacterize his claim by filing an amended complaint within thirty days of service of this order. If petitioner fails to file an amended complaint, the court will understand that to mean that he declines to convert the instant petition to a civil rights action under § 1983 and the undersigned will issue findings and recommendations to dismiss the case for lack of habeas jurisdiction. Once this action is dismissed, petitioner will remain free to refile his claims in a new § 1983 action. However, he is warned that if he dismisses and refiles he may be subject to a statute of limitations bar[5] as well as any of the other challenges inherent in bringing his claim as a § 1983 case discussed above.

////

---

[3] Inmates are required to exhaust available administrative remedies before bringing a civil rights suit under § 1983.
[4] Petitioner's motion to proceed in forma pauperis in this action was granted and included the documentation necessary to grant in forma pauperis status in a civil rights suit. ECF Nos. 2, 4.
[5] The statute of limitations in a § 1983 action is that provided by the state for personal injury torts. Wallace v. Kato, 549 U.S. 384, 387 (2007) (citations omitted). California law provides a two-year statute of limitations for personal-injury actions, plus an additional two years of tolling for the statute of limitations based on the disability of imprisonment where the term is less than for life. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code §§ 335.1, 352.1).

6

VI.     Summary

You have not shown that overturning your rules violation will necessarily result in a quicker release from prison. You have also not shown that overturning the violation will result in being released from segregation into the general population. Therefore, you cannot challenge the rules violation in a habeas case. The court does not have jurisdiction over your habeas petition. You have thirty days to file an amended complaint making your claims under § 1983, otherwise the court will recommend dismissing your petition for lack of jurisdiction. The court does not guarantee that you will be successful if you decide to convert your claims into a request for relief under § 1983.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's response to the order to show cause (ECF No. 27) has not demonstrated a basis for habeas jurisdiction.

2. Petitioner will be given a second opportunity to convert his habeas corpus petition into a civil rights action under 42 U.S.C. § 1983.

3. Petitioner has thirty days from service of this order to file an amended complaint that brings his claims under 42 U.S.C. § 1983. If petitioner fails to file an amended complaint within thirty days, the undersigned will issue findings and recommendations to dismiss the petition for lack of habeas jurisdiction.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 5, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE